**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50012 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02627-LAB |
| v. | |
| SERGIO VENEGAS-MARTIN DEL CAMPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Sergio Venegas-Martin Del Campo appeals from the 57-month sentence

imposed following his guilty-plea conviction for importation of cocaine, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Venegas-Martin Del Campo contends the district court erred by denying his request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b) because he was merely a courier of the drugs involved.  The record reflects that Venegas-Martin Del Campo knowingly transported a substantial amount of narcotics, *see United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000), and planned on accepting money in return, *see United States v. Davis*, 36 F.3d 1424, 1437 (9th Cir. 1994).  Accordingly, the district court did not clearly err by declining to apply a minor role adjustment.  *See United States v. Cantrell*, 433 F.3d 1269, 1283-84 (9th Cir. 2006).

Further, the district court did not misapply the guidelines because Venegas-Martin Del Campo failed to carry his burden of proving that he was entitled to a minor role adjustment.  *See Hursh*, 217 F.3d at 770; *Davis*, 36 F.3d at 1437.

Venegas-Martin Del Campo also contends his sentence is unreasonable because the district court:  (1) failed to apply the parsimony principle; (2) created an unwarranted sentencing disparity among drug importation cases; and (3) based its sentence on a clearly erroneous fact.  The record shows that the district court did not procedurally err and that Venegas-Martin Del Campo's sentence is not

2

substantively unreasonable in light of the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 994-96 (9th Cir. 2008) (en banc).

**AFFIRMED.**